No. 13-0744 – *Holt v. West Virginia-American Water Co.*

**FILED**

**June 11, 2014**

**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

LOUGHRY, Justice, with whom Justices Workman and Ketchum join, concurring:

While I agree with the result reached by the majority that the claims asserted by Mr. Holt are precluded by the West Virginia Consumer Credit and Protection Act,[1] I write separately to emphasize that Mr. Holt had other legal avenues of relief that he opted against pursuing. Instead of instituting a claim under this state's Consumer Credit and Protection Act, he could have filed a common law claim predicated on the same allegations of unfair and deceptive practices that he relied upon as the basis for his statutory claim. The crux of Mr. Holt's allegations was that West Virginia-American Water Company, with information regarding the source of the water leak, continued to improperly bill him in excess of $5,000 for four straight months, and even went so far as to terminate his water supply for nonpayment of the disputed charges. The record in this case suggests that West Virginia-American Water Company was less than forthcoming with information regarding its discovery of the initial leak[2] as well as its repair of this leak. In addition, the record indicates that West Virginia-American Company failed to notify Mr. Holt regarding its corporate

---

[1]*See* W.Va. Code § 46A-1-101 *et seq*. (2006).

[2]This leak was at the meter box.

responsibility for the first large leak.

Rather than viewing West Virginia-American Water Company as lacking any responsibility for both the prolonged period of time necessary to resolve this matter and for Mr. Holt's exasperating experience in trying to identify and solve his water leak, what this Court has done is simply to recognize the lack of a viable claim based on clear legislative language. *See* W.Va. Code § 46A-1-105(a)(3) (2006) (barring claims involving transactions under public utility or common carrier tariffs where public agency regulates charges for services). This Court has not, however, precluded Mr. Holt from pursuing any viable non-statutory claims against West Virginia-American Water Company.

Based on the foregoing, I respectfully concur.